**CASE NO.:** 13-55420

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PETER ZEPPEIRO Plaintiffs-Appellants,

,

v.

GMAC MORTGAGE, LLC,; FEDERAL NATIONAL MORTGAGE ASSOCIATION, as Trustee for Fixed to Floating Rate Non-Cumulative Preferred Stock Series 1, AKA Fannie Mae and MORTGAGE ELECTRONIC REGISGTRATION SYSTEMS, INC.; AKA MERS. Defendants-Appellees.

## APPELLANTS' REPLY BRIEF

APPEAL FROM THE U.S. DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES
U.S.D.C. No. 2:12-cv-05357-ABC-RZ
The Honorable Audrey B. Collins

PATRICIA R. RODRIGUEZ, ESQ. [SBN: 270639]
RODRIGUEZ LAW GROUP, INC.
1961 W. Huntington Drive, Suite 201
Alhambra, California
Phone: (626) 888-5206
Fax: (626) 282-0522
Attorneys for Appellant

**TABLE OF CONTENTS**

I.    INTRODUCTION..................... ...................................... ..1

II.   ARGUMENT

    A.  THE DISTRICT COURT'S GRANTING RESPONDENTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND WAS AN ABUSE OF DISCRETION............................................ ....... ................1

    B.  APPELLANT CAN PROPERLY CHALLENGE THE SECURITIZATION TRANSACTION... ...............................................4

    C.  TENDER IS NOT REQUIRED FOR APPELLANT'S CLAIMS.................................................................................................6

III. CONCLUSION..................................................................................8

# TABLE OF AUTHORITIES

**Cases**

Alcorn v. Anbro Engineering, Inc.
(1970) 2 Cal.3d 493...............................................................................................1

Burks v. Poppy Const. Co.
(1962) 57 Cal.2d 463.............................................................................................1

Chace v. Morse
(1905)189 Mass. 559, 561....................................................................................2

Culhane v. Aurora Loan Services of Nebraska
(2013) 708 F.3d 282..............................................................................................4

Doe v. City of Los Angeles
(2007) 42 Cal.4th 531............................................................................................1

Glaski v. Bank of America, N.A., et al,
Court of Appeal, Fifth District of California, Case No. F064556....................5

Karlsen v. American Sav. & Loan Assn.
(1971) 15 Cal.App.3d 112.....................................................................................6

Lona v. Citibank, N.A.,
202 Cal.App.4th 89, 114-115...............................................................................7

Onofrio v. Rice
(1997) 55 CalApp.4th 413....................................................................................7

Pridonoff v. Balokovich
(1951) 36 Cal.2d 788, 792)...................................................................................1

Stockton v. Newman
(1957) 148 Cal.App.2d 558..................................................................................7

U.S. Bank National Association v. Ibanez
(2011) 458 Mass. 637............................................................................................2

Williams v. Resolution GGFOY
(1994) 417 Mass. 377..................................................................................2

Zelig v. County of Los Angeles
(2002) 27 Cal.4th 1112..............................................................................2


**Other Sources**

NY Estates, Powers and Trust Law§ 7 1.18......................................................5

NY Estates. Powers and Trust Law§ 7 2.4).....................................................5

4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust,
§ 10:212, p. 686........................................................................................6

iii

## I. INTRODUCTION.

Plaintiff/Appellant, Peter Zeppeiro, hereby files this Appellant's Reply Brief in support of his challenge of the trial court's judgment of dismissal, entered after granting the Defendants'/Respondents' Motion to Dismiss without leave to amend.

## II. ARGUMENT

### A. THE DISTRICT COURT'S GRANTING RESPONDENTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND WAS AN ABUSE OF DISCRETION.

The district court did not consider the nature of Appellant's claims by focusing only on the labels associated with the causes of action.

A complaint need only set forth ultimate facts constituting the cause of action, and not the evidence to prove those facts. (See, e.g., *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 ["…[T]he question of plaintiff's ability to prove these allegations, or the possible difficulty in making such proof does not concern the reviewing court … ."].) As the Supreme Court explained in *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 550: "It has been consistently held that 'a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action.'" (*citing Burks v. Poppy Const. Co.* (1962) 57 Cal.2d 463). Moreover, "[p]laintiff may allege on information and belief any matters that are not within his personal knowledge, if he has information leading him to believe that the allegations are true." (*Pridonoff v. Balokovich* (1951) 36 Cal.2d 788, 792).

Taken as a whole, and not as unconnected isolated allegations as Respondents attempt to do, Appellant's pleading notifies Respondents about the nature, source and extent of his causes of action. (See, e.g., *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [complaint must be given "a reasonable interpretation, reading it as a whole and its parts in context"].) Appellant alleged in his FAC that the named Defendants did not follow the proper guidelines in obtaining an interest in his home. Appellant's argument was based on the fact that Respondents did not properly assign the ownership interest in his loan, there was no effective complete chain of title, the transactions violated requirements of the Pooling and Servicing Agreement (the "PSA"), and as a result, the Respondents could not have perfected their purported interest in the home.

The court in *U.S. Bank National Association v. Ibanez* (2011) 458 Mass. 637 understood "the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight" and as a result stated that a party seeking to foreclose must "strictly" follow guidelines. (*Ibanez, supra,* at 646). In the event of noncompliance, the sale would be "wholly void." (*Id.*) Also, the court stated that not only must the mortgage holder act in "strict compliance with its power of sale, but must also 'act in good faith and…use reasonable diligence to protect the interests of the mortgagor.'" (*Id.* [quoting *Williams v. Resolution GGFOY* (1994) 417 Mass. 377, 382-83]). In the event that a foreclosing entity does not have the "'jurisdiction and authority' to carry out a foreclosure… [the foreclosure] is void." (*Id.* at 647 [quoting *Chace v. Morse* (1905)189 Mass. 559, 561]). With that legal principle in mind, the court

2

turned to the issue in that case, which parallels the issue in the instant action, where the homeowners in *Ibanez* were arguing that their home was being foreclosed by an entity who did not in fact own a valid interest in their home. (*Id.*) That court determined that the foreclosing entity had not provided the proper evidence to show valid assignments of the homeowner's property. (*Id.* at 649.)

Here, Appellant is making the same claims as the homeowners in *Ibanez*. Plaintiff is not attempting to create new statements of law, he is merely stating what would seemingly be a basic principle of mortgage law, that the foreclosing entity should have properly obtained its interest in the property prior to foreclosing on the property. Appellant submits that the Respondents have not obtained their interest in the home as indicated by the PSA. Therefore, Respondents may not properly foreclose on his home if they did not lawfully obtain that interest. Appellant submits that is precisely what occurred here, and therefore Respondents did not have a valid interest that would allow them to foreclose.

A valid assignment would require proper chain of title from the mortgage originator to the Sponsor to the Depositor to the Issuing Entity (the Trust). In this case, neither the Note nor the Deed of Trust was endorsed and assigned to the Trustee by the closing date of the Trust. Any assignment of the Deed of Trust beyond the specified closing date for the Trust is void.

3

### B.    APPELLANT CAN PROPERLY CHALLENGE THE SECURITIZATION TRANSACTION

The Glaski Court specifically noted "We reject the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement. Cases adopting that position "paint with too broad a brush." (Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (2013)) Instead, courts should proceed to the question whether the assignment was void. Glaski v. Bank of America, N.A., et al, Court of Appeal, Fifth District of California, Case No. F064556.

Appellant has alleged Respondents cannot produce any document or record demonstrating that prior to the closing date of the trust, the Deed of Trust was duly assigned, transferred and delivered to the Trust including all intervening assignments. Even if the Deed of Trust had been transferred into the Trust by the closing date, the transaction is still void as the Note would not have been transferred according to the requirements of the PSA, since the PSA requires a complete and unbroken chain of transfers and assignment to and from each intervening party. Documents filed with the SEC by the securitization participants allegedly claim that the Note and Deed of Trust at issue in this case were sold, transferred and securitized by Defendants, with other loans and mortgages into the Trust which is a Common Law Trust formed pursuant to New York Law.

4

Furthermore, paying money to the entity that does not hold a beneficial interest is certainly an injury in fact as to Appellant, namely injured through losing monies by paying an entity which holds no interest in Plaintiffs Note. Glaski supports this theory by stating, "Based on the foregoing, we conclude that Glaski's fourth cause of action has stated a claim for wrongful foreclosure. It follows that Glaski also has stated claims for quiet title (third cause of action), declaratory relief (fifth cause of action), cancellation of instruments (eighth cause of action), and unfair business practices under Business and Professions Code section 17200 (ninth cause of action). (See Susilo v. Wells Fargo Bank, N.A. (C.D.Cal.2011) 796 F.Supp.2d 1177, 1196 [plaintiff's wrongful foreclosure claims served as predicate violations for her UCL claim].)" Glaski v. Bank of America, N.A., et al, Court of Appeal, Fifth District of California, Case No. F064556 p. 26-27.

In the instant action, Appellant alleged, there was a failed and defective attempt to sell, transfer, and securitize the Note into the SERIES 1 TRUST by the closing date. Any assignment recorded more than one year after the closing date violates the Trust Agreement, invalidates the ownership of the property and is in violation of New York Trust law. New York State Trust Law statutes state, unless an asset is transferred into a lifetime trust, the asset does not become trust property (NY Estates, Powers and Trust Law§ 7 1.18). A trustee's act that is contrary to the trust agreement is void. (NY Estates. Powers and Trust Law§ 7 2.4)."  In addition Plaintiff alleges, there are no records of any assignments by the Originator, Sponsor, or the Depositor prior to the Closing Date

5

specified in the Securitized Trust's Trust Agreement. Accordingly, Appellant in this action also has a cognizable cause of action for wrongful foreclosure as this is the exact action/allegation, namely assignment after the closing date of the securitized trust, which was seen by the Glaski Court as significant to stating a cause of action upon this theory.

### C.     TENDER IS NOT REQUIRED FOR APPELLANT'S CLAIMS

In Glaski, Defendants contend that claims for wrongful foreclosure, cancellation of instruments and quiet title were defective because Glaski failed to allege that he made a valid and viable tender of payment of the indebtedness. (See Karlsen v. American Sav. & Loan Assn. (1971) 15 Cal.App.3d 112, 117 ["valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"].) However, as the Glaski court supports, Plaintiffs are not required to allege tender of the loan balance because "(1) there are many exceptions to the tender rule, (2) defendants have offered no authority for the proposition that the absence of a tender bars a claim for damages, and (3) the tender rule is a principle of equity and its application should not be decided against him at the pleading stage." Glaski v. Bank of America, N.A., et al, Court of Appeal, Fifth District of California, Case No. F064556 p. 25. See generally, Annotation, Recognition of Action for Damages for Wrongful Foreclosure—Types of Action (2013) 82 A.L.R.6th 43 (claims that a foreclosure is "wrongful" can be tort-based, statute-based, and contract-based).

"Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property. (Lester v. J.P. Morgan Chase Bank, supra, ___ F.Supp.2d___, [2013 WL 633333, p. *8]; 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, § 10:212, p. 686.)" Id. Accordingly, the Glaski Court could not uphold the demurrer to the wrongful foreclosure claim based on the absence of an allegation that Glaski tendered the amount due under his loan. Glaski v. Bank of America, N.A., et al, Court of Appeal, Fifth District of California, Case No. F064556 p. 26.

Furthermore, there are four exceptions to the tender requirement that applies to the matter at hand and directly contradicts Respondents' contention that Appellant's claims are barred by the tender rule. In *Lona v. Citibank, N.A.,* 202 Cal.App.4th 89, 114-115. the court addressed the four exceptions. "First, if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt." *Lona, supra at* 112-113, *citing Stockton v. Newman* (1957) 148 Cal.App.2d 558, 564 [trustor sought rescission of the contract to purchase the property and the promissory note on grounds of fraud]; *Onofrio v. Rice* (1997) 55 CalApp.4th 413, 424. "Second, a tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary." *Lona*, supra, at 113. "Third, a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale." *Id*. "Fourth, no tender will be required when

7

the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." *Id.*

Appellant here is exempt from the tender requirement not only under *Gaskli*, but also under *Lona* because Appellant's allegations dispute Respondents' claim to the underlying debt and alleged misconduct with respect to the improper assignment of the Note.

For these reasons, Appellant is exempt from the tender requirements as he is disputing Respondents' claim to the underlying debt and has certainly alleged misconduct with respect to the improper assignment of the promissory note.

### III. CONCLUSION.

Based upon the foregoing -- and as more fully set forth in his Opening Brief -- Appellant respectfully request this Court to reverse the lower court's Order of Dismissal following its grant of Respondents' Motion to Dismiss, and to allow those claims to finally proceed on their merits. Alternatively, this Court should allow Appellant leave to amend any deficiencies in the pleadings determined by this Court.

Dated: December 13, 2013                    Respectfully submitted,

                                            Rodriguez Law Group, Inc.

                                    By: _____
                                            Patricia Rodriguez, Esq.
                                            Attorneys for Appellant

8

**Form 6.    Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    ☒ this brief contains __2025__ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    ☐ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Office *(state font size and name of type style)* Size 13 Roman Font                  , *or*

    ☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____

Signature /s/ Patricia Rodriguez

Attorney for Appellant Peter Zeppeiro

Date Dec 13, 2013

9th Circuit Case Number(s) | 13-55420

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*******************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Dec 13, 2013 |.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Patricia Rodriguez

*******************************************************************

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | |.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |